IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jay Jeffers, | ) | CV 04-572-PHX-MHM (MS) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Officer Ortega, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's "Motion to Amend/Correct Complaint" filed August 29, 2005. In his motion, Plaintiff elaborates on his claim that the Pinal County Jail has stolen some of his money, and has refused to provide him some of his legal paperwork.

In its August 17, 2005 Order, the Court advised Plaintiff that it would not entertain any further attempt to add claims to the complaint that are unrelated to the original claims made in the case. In that same Order, the Court ordered counsel for Defendants to investigate Plaintiff's claim that he is not allowed access to his legal paperwork.

The Federal Rules of Civil Procedure provide that:

> [a] party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served. . . .Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

Rule 15(a), FED. R. CIV. P. (emphasis added). Under this rule, the Court may grant leave to amend "freely. . .when justice so requires." However, this policy of permitting liberal amendment of pleadings is tempered by "considerations of 'undue delay, bad faith, dilatory motive on the part of the Plaintiff, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Schlacter-Jones v. Gen. Tel., 936 F.2d 435, 443 (9th Cir. 1991) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court will recommend that the Motion to Amend be denied.  The claims contained in the motion to amend are not relevant to any claim contained in the Amended Complaint.  Plaintiff has already been allowed one amendment to the complaint.  This case has been pending since March of 2004, and any further amendment would only seek to further delay proceedings in this case.  Plaintiff fails to lodge a separate amended complaint even though he has been advised on several occasions that he must do so.  If Plaintiff seeks to assert claims against the Pinal County Jail regarding confiscation of his legal paperwork, or money, the Court should require Plaintiff to file a separate complaint containing those allegations.  Accordingly,

IT IS RECOMMENDED that Plaintiff's "Motion to Amend/Correct Complaint" filed August 29, 2005 be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  28 U.S.C. §636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 31st  day of August, 2005.

_____
Morton Sitver
United States Magistrate Judge

2