**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Jeffers,<br><br>    Plaintiff,<br><br>vs.<br><br>Officer Ortega, et al.,<br><br>    Defendants. | No. CIV-04-0572-PHX-MHM (MS)<br><br>**ORDER** |

Currently before the court is Plaintiff's pro se Motion to Amend/Correct Complaint. (Dkt. #64). The matter was referred to Magistrate Judge Morton Sitver for Report and Recommendation. On September 1, 2005 Magistrate Judge Sitver filed his Report and Recommendation with this Court. (Dkt. # 66). Plaintiff filed objections thereto. Dkt. #71.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

**DISCUSSION**

The Federal Rules of Civil Procedure provide that:

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . .

.Otherwise a party may amend the party's pleading only by
leave of court or by written consent of the adverse party.
Rule 15(a), Fed. R. Civ. Pro.

Leave to amend "shall be freely given when justice so requires." Fed. Civ. Pro. R. 15(a). Leave to amend is granted with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Although leave to amend is granted with "extreme liberality," the Court may deny such leave based on "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Griggs Pace Am. Group, Inc., 170 F.3d 877, 889 (9th Cir. 1999).

On review of the Court file in this matter and the pleadings before it, this Court finds that Plaintiff's Motion to Amend/Correct Complaint is untimely and without merit. This litigation commenced in March 2004, permitting Plaintiff to amend his complaint a year and a half after this litigation commenced would prejudice Defendants. Plaintiff has already been permitted to amend his complaint. Claims contained in his amended complaint related to prison officials refusing to supply Plaintiff pencil, paper, and mailing materials are unrelated to the subject matter of this litigation. Finally, Plaintiffs contentions that prison officials have not supplied Plaintiff pencil, paper, and mailing materials is not supported whatsoever by the record. Since filing the motion to amend, Plaintiff has filed, quite lengthy, objections to Judge Sitver's Report and Recommendation and two other motions. Dkt. ## 71,87,90.

Having reviewed the Report and Recommendation of Magistrate Judge Sitver, the Court concludes that Plaintiff's Motion to Amend/Correct Complaint should be denied. (Dkt. #64). The Court hereby incorporates and adopts Magistrate Judge Sitver's Report and Recommendation.

**Accordingly,**

**IT IS HEREBY ORDERED** that the Court adopts Magistrate Judge Sitver's Report and Recommendation. (Dkt. #66).

**IT IS FURTHER ORDERED** Plaintiff's Motion to Amend/Correct Complaint is **DENIED**. (Dkt. #64).

1     DATED this 8th day of November, 2005.

_____
Mary H. Murguia
United States District Judge