**WO**                                                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Jeffers, Jr., | No. CV 04-0572-PHX-MHM-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Ortega, et al. | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. # 159). Plaintiff seeks reconsideration of the Court's September 14, 2006 Order granting Defendants'[1] Motion to Dismiss (Doc. # 154). The Court will deny Plaintiff's Motion.

## I.   Reconsideration Standard

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)).

---

[1] Williams, Ortega, and Spurlock.

Here, Plaintiff makes no showing that reconsideration is appropriate. Plaintiff claims that he was unable to properly respond to Defendants' motion because of significant health problems. But Plaintiff does not supplement his motion with any relevant evidence regarding Defendants' argument that Plaintiff's action was filed outside the applicable statue of limitations. Rather, Plaintiff simply argues that federal cases are subject to a three-year statute of limitations as opposed to Arizona's two-year statute. Plaintiff, however, is mistaken. As previously articulated, in § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478. Because Plaintiff has failed to provide any legally cognizable evidence to support his motion, his Motion for Reconsideration must be denied.[2]

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. # 159) is **denied**.

DATED this 1st day of August, 2007.

_____
Mary H. Murguia
United States District Judge

---

[2] The Court also notes that Plaintiff's motion is untimely. Local Rule of Civil Procedure 7.2(g). While Plaintiff avers that he has been extremely ill, he fails to provide any specific information about his hospitalization. Because it has been over ten months since judgment was entered and the Court has no evidence of Plaintiff's inability over that time to properly move for reconsideration, the Court cannot find the requisite good cause to excuse the untimeliness of the motion.